TURNER & MEDE, P.C.
William F. Mede
Patricia A. Vecera
Attorneys for defendants HealthSouth Medical Clinics of
Anchorage, LLC and U.S. Healthworks Holding Co., Inc.
1500 West 33rd Avenue, Suite 200
Anchorage, Alaska  99503-3502
Telephone: (907) 276-3963
Fax: (907) 277-3695

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CELESTE BARRAS,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )
HEALTHSOUTH MEDICAL CLINICS OF)
ANCHORAGE, LLC & U.S.              )
HEALTHWORKS HOLDING CO., INC.,)
                                   )
        Defendants.                )
_____)    Case No. A05-0174-CV (JWS)

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION
OF FRCP 26 DISCLOSURES AND TO IMPOSE SANCTIONS**

**I.   Introduction**

        Defendants  HealthSouth  Medical  Clinics  of  Anchorage,

LLC   and   U.S.   Healthworks   Holding   Co.   Inc.   (collectively

"Defendants")  have  moved  pursuant  to  Federal  Rule  of  Civil

Procedure  ("FRCP")  37(a)  and  D.  Ak.  37.1(a)  –  (b)  for  an  order

compelling  plaintiff  Celeste  Barras  ("Barras")  to  produce  her

Page 1 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures
and to Impose Sanctions

FRCP 26(a) Initial Disclosures and imposing sanctions upon Barras for her ongoing discovery violations.

## II.  Factual History

This lawsuit was initially filed by Barras in April 2003 in the Superior Court for the State of Alaska at Anchorage. Barras filed suit after the Anchorage Equal Rights Commission dismissed her underlying charge of race discrimination on the basis that "no substantial evidence existed" to support her allegations.  Pursuant to the Alaska Rules of Civil Procedure, Defendants produced their Rule 26 disclosures within the time period set forth in the Superior Court's planning order.  Barras did not produce her required disclosures.  In fact, despite Defendants' notice that (voluminous) documents responsive to Rule 26 (a) were available for Barras' inspection and/or copying, Barras' counsel, Kenneth P. Jacobus, declined to do either.

In July 2005, Defendants removed this case to the U.S. District Court at Anchorage after Barras alleged, for the first time, claims under the Family Medical Leave Act of 1993 and Title VII of the Civil Rights Act of 1964, as Amended.

On December 8, 2005, the Court issued a "Schedule and Planning Order" directing that Preliminary Disclosures shall be exchanged by December 30, 2005.  On that date, Barras filed a motion, which the Court subsequently granted, for a 30-day

Page 2 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures
and to Impose Sanctions

enlargement of time on all existing deadlines in order to substitute new counsel.  On December 28 or 29, 2005, attorney Darryl L. Jones, ostensibly new counsel for Barras, requested Defendants' Rule 26 disclosures be copied and sent for his review.  Defendants promptly complied.  On January 30, 2006, Barras failed yet again to produce her disclosures.

In a letter dated February 16, 2006, Defendants' counsel informed Mr. Jacobus that Barras' FRCP 26 disclosures were overdue and requested they be produced.[1]  Barras did not comply.  On March 10, 2006, pursuant to defense counsel's discussion with Messrs. Jacobus and Jones, Barras agreed to produce her Rule 26 disclosures by Monday, April 10, 3006.[2] Barras failed to meet this deadline as well.  On April 17, 2006, defense counsel sent a "final" letter to Messrs. Jacobus and Jones requesting Barras produce her FRCP disclosures by April 19, 2006 or Defendants would file a motion to compel and move for sanctions.[3]  Neither Mr. Jacobus nor Mr. Jones responded.

On Friday, April 21, 2006, defense counsel contacted Mr. Jacobus by telephone in one final attempt to get Barras to

---

[1]    *See* **Exhibit A,** 2/16/06 Letter from Patricia A. Vecera to Kenneth P. Jacobus (cc: Darryl L. Jones).

[2]    *See* **Exhibit B,** 3/24/06 Letter from Patricia A. Vecera to Kenneth P. Jacobus memorializing earlier discussion (cc: Darryl L. Jones).

[3]    *See* **Exhibit C**, 4/17/06 Letter from Patricia A. Vecera to Kenneth P. Jacobus requesting disclosures by April 19, 2006 or defendants would file motion to compel (cc: Darryl L. Jones).

Page 3 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures
and to Impose Sanctions

produce her disclosures.[4]  Mr. Jacobus advised defense counsel

that he was no longer representing Barras and requested we speak

directly with Mr. Jones.[5]  Defense counsel advised Mr. Jacobus

that, although Mr. Jones had been copied with all correspondence,

he had not yet entered an appearance on behalf of Barras and

therefore Mr. Jacobus was still ultimately responsible for

complying with the Court's deadlines.[6]  Mr. Jacobus essentially

indicated that the matter was out of his hands and that Barras'

lawsuit was "*no longer [his] case.*"[7]

## III. Argument

FRCP 26(a)(1) obligates parties to provide disclosures

within 14 days after the parties' scheduling conference or by the

date set forth in the court's scheduling order.  If a party fails

to respond, FRCP 37(a) permits the party to whom disclosures are

due to move for an order compelling a response.  In addition,

FRCP 37(a)(4)(A) and D. Ak. LR 37.1 provide for the imposition of

sanctions where the discovery violation is deemed willful.

Barras' failure to provide her required disclosures

and/or to respond to repeated requests from Defendants to comply

with her discovery obligations can be characterized as nothing

less than willful.  Barras has failed to meaningfully respond to

---

4    *See* **Exhibit D,** Affidavit of Patricia A. Vecera at ¶ 2.
5    *Id.*
6    *Id.*
7    *Id.*

Page 4 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures
and to Impose Sanctions

any of Defendants' multiple requests for compliance.    Barras'
counsel's statement that he is no longer representing Barras is
simply unacceptable given (1) the length of time that has elapsed
since the discovery was initially due, (2) the failure of Barras
or her counsel to explain why she is unable to respond within a
reasonable time period, and (3) the fact Mr. Jacobus has not yet
file a motion to withdraw as counsel, nor has Mr. Jones filed an
entry of appearance.

        Barras and her counsel have literally ignored this case
since it was filed in 2003.    In addition, Barras' unwillingness
to comply with mandatory discovery obligations has impaired the
Defendants' ability to defend themselves by further delaying the
scheduling of Barras' deposition.[8]    Barras' lawsuit alleges a
variety of federal and state claims.    Defendants are entitled to
review all the required disclosures under FRCP 26, including any
and all documents and information relevant to her claims asserted
against Defendants.

**IV.    Conclusion**

---

        8      *See, e.g., Adriana Int'l Corp. v. Thoeren*,  913 F.2d 1406, 1412
(9th Cir. 1990) ("A defendant suffers prejudice if the plaintiff's actions
impair the defendant's ability to go to trial or threaten to interfere with
the rightful decision of the case . . ."); *Cooperative Finance Ass'n, Inc. v.
Garst*, 917 F.Supp. 1356, 1374 (N.D. Iowa 1996) ("Party is prejudiced by
failure to comply with discovery if failure to make discovery impairs a
party's ability to determine factual merits of opponent's claims or
defenses.")

Page 5 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures
and to Impose Sanctions

In accordance with FRCP 37(a) and D. Ak. LR 37.1(a), Defendants' undersigned counsel certifies that she has made a good faith effort to informally resolve the issues raised by this motion but has been unable to do so.  Defendants respectfully request the Court order Barras to promptly produce her FRCP Rule 26 initial disclosures and impose corresponding sanctions for her repeated discovery violations.

DATED at Anchorage, Alaska, this 24th day of April 2006.

s/Patricia A. Vecera
Turner & Mede, P.C.
1500 W. 33rd Ave., Ste. 200
Anchorage, AK 99503
Phone: (907) 276-3963
Fax: (907) 277-3695
E-mail: pvecera@turnermede.com
Alaska Bar No. 9411111

**Certificate of Service**

I hereby certify that on April 24, 2006,a copy of the foregoing Motion to Compel Production of FCRP 26 Disclosures and to Impose Sanctions was served electronically on Kenneth P. Jacobus

s/Patricia A. Vecera

Page 6 of 6
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al.,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Motion to Compel Production of FCRP 26 Disclosures and to Impose Sanctions