TURNER & MEDE, P.C.
William F. Mede
Patricia A. Vecera
Attorneys for defendants HealthSouth Medical Clinics of
Anchorage, LLC and U.S. Healthworks Holding Co., Inc.
1500 West 33rd Avenue, Suite 200
Anchorage, Alaska  99503-3502
Telephone: (907) 276-3963
Fax: (907) 277-3695

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CELESTE BARRAS, )<br>)<br>            Plaintiff, )<br>)<br>       v.            )<br>)<br>HEALTHSOUTH MEDICAL CLINICS OF )<br>ANCHORAGE, LLC & U.S.           )<br>HEALTHWORKS HOLDING CO., INC.,)<br>)<br>            Defendants.    )<br>_____) | Case No. A05-0174-CV (JWS) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LITIGATION
TERMINATING SANCTIONS, OR ALTERNTIVELY, FOR AN ORDER BARRING
INTRODUCTION OF EVIDENCE AND FOR ADDITIONAL MONETARY SANCTIONS
FOR PLAINTIFF'S WILLFUL DISCOVERY VIOLATIONS**

## I.    INTRODUCTION

Defendants HealthSouth Medical Clinics of Anchorage,
LLC and U.S. Healthworks Holding Co. Inc. (collectively
"Defendants") move pursuant to Federal Rule of Civil Procedure
("FRCP") 37(b)(2) and D. Ak. 37.1(a)-(b) for litigation-

Page 1 of 7
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

Turner & Mede, P.C.
ATTORNEYS AT LAW
1500 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

terminating sanctions in the form of an order dismissing Plaintiff Celeste Barras' ("Barras") lawsuit for her willful and continuous discovery violations. In the event the Court declines to dismiss her lawsuit, Defendants move in the alternative for an order barring introduction of evidence not timely furnished during discovery and for additional monetary sanctions.

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Defendants previously moved pursuant to FRCP 37(a) and D. Ak. 37.1 for an order compelling plaintiff Celeste Barras ("Barras") to produce her FRCP 26(a) Initial Disclosures and for sanctions. The Court granted Defendants' motion in an Order dated June 23, 2005 and ordered Barras to produce her disclosures on or before July 5, 2006. The Court further imposed sanctions on Barras in the amount of $2,255.00.

On July 5, 2006, Barras served counsel for Defendants with statement of facts allegedly supporting her claims. Barras failed, however, to comply with the remaining requirements of FRCP 26, including, for example, identifying documents in her possession that support her claims and a computation of damages sought. On July 5, 2006, counsel for Defense sent Barras a

Turner & Mede, P.C.
ATTORNEYS AT LAW
1800 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

letter advising her she was not in compliance with the Court's order and requested she complete her Rule 26 disclosures.[1]

In response, Barras filed a motion requesting a 15-day extension of time. Defendants did not oppose her motion, since that time period would likely have elapsed by the time the Court addressed the motion. On July 17, 2006, the Court granted Barras' motion for a 15-day extension, but warned her the Court would likely not grant any further extensions. Barras' Rule 26 disclosures were therefore due on Thursday, July 20, 2006. As of this date, Barras has still not complied with the Court's order to provide her disclosures, nor has she made any contact with defense counsel regarding compliance.

**III. ARGUMENT**

Rule 37 and D. Ak. 37.1(c) permits the district court, in its discretion, to enter an order dismissing a claim against a party who fails to comply with an order compelling discovery. D. Ak. 37.1(c) provides, however, that the court will not enter an order that has the effect of establishing or dismissing a claim ``*unless the court finds that the party acted willfully.*''

---

[1]    *See* **Exhibit A,**   July 5, 2006 Letter from Patricia A. Vecera to Celeste Barras.

Page 3 of 7
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

Turner & Mede, P.C.
ATTORNEYS AT LAW
1800 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

In *Computer Task Group, Incorporated v. Brotby*,[2] for example, the Court of Appeals for the Ninth Circuit found no abuse of discretion by the United States District Court for the District of Alaska's dismissal an employee's claims for repeated discovery violations.    The Ninth Circuit found the employee engaged in ``a *consistent, intentional, and prejudicial practice of obstructing discovery*,'' and noted the district court considered and imposed lesser sanctions, including two monetary sanctions and several orders compelling employee to cooperate with discovery, all to no avail.[3]

Barras' conduct has been nothing less than willful. She commenced her lawsuit in April 2003 in the Alaska Superior Court, where she failed to produce the disclosures required under the applicable Alaska Civil rules.    Defendants subsequently removed the case to U.S. District Court following the amendment of her complaint to include federal claims.    Once again, the parties agreed on pretrial deadline dates and, once again, Barras has ignored them.    Since initiating this litigation three years ago, Barras has failed to provide Defendants with a <u>single</u> document supporting her claims or provide any computation upon which she bases her damages.

---

2       364 F.3d 1112 (9th Cir. 2004).
3       Id. at p. 1115-1117.

Page 4 of 7
<u>Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al</u>,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

Turner & Mede, P.C.
ATTORNEYS AT LAW
1800 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

Defendants are entitled to review all the required disclosures under FRCP 26, including any and all documents and information relevant to her federal and state claims asserted against Defendants. During the course of this litigation, for example, Barras' counsel referred to a "diary" she kept where she made notes about events she thought were "unfair" at work. Such a document is clearly embraced by FRCP 26(a).[4]

As noted in Defendants prior motion to compel, Barras has literally ignored this case, her discovery obligations and court rules since the case was filed in 2003. Defendants, on the other hand, have been forced to continually incur attorneys fees in an effort to deal with Barras' obstreperous conduct. Moreover, Barras' unwillingness to comply with mandatory discovery obligations has impaired the Defendants' ability to defend themselves by further delaying the scheduling of her deposition.[5]

---

[4]    Since Barras has failed to produce her Rule 26 disclosures, Defendants have since propounded written discovery requests upon Barras in a further attempt to obtain documentation she claims supports her claims.

[5]    See, e.g., *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (``A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case[.]''); *Cooperative Finance Ass'n, Inc. v. Garst*, 917 F.Supp. 1356, 1374 (N.D. Iowa 1996) (``Party is prejudiced by failure to comply with discovery if failure to make discovery impairs a party's ability to determine factual merits of opponent's claims or defenses.'')

Page 5 of 7
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

Turner & Mede, P.C.
ATTORNEYS AT LAW
1500 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

In the event the Court declines to grant litigation-ending sanctions, Defendants respectfully request the Court preclude Barras from introducing documents or evidence she has failed to disclose to Defendants in discovery. Additionally, the Court should impose additional monetary sanctions upon Barras and issue an order sufficient to place her on notice that continued failure to cooperate in discovery will result in dismissal and default.

**IV.    CONCLUSION**

In accordance with FRCP 37(a) and D. Ak. LR 37.1(a), Defendants' undersigned counsel certifies that she has made a good faith effort to informally resolve the issues raised by this motion but has been unable to do so. Defendants respectfully request the Court grant its motion for litigation-terminating sanctions or, in the alternative, to preclude Barras from introducing evidence she has not disclosed to Defendants in written discovery and for the imposition of additional monetary sanctions.

**Turner & Mede, P.C.**
ATTORNEYS AT LAW
1800 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503.3502
TELEPHONE (907) 276.3963
FACSIMILE (907) 277.3695

Page 6 of 7
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions

DATED at Anchorage, Alaska, this 26th day of July 2006.

s/Patricia A. Vecera
Turner & Mede, P.C.
1500 W. 33rd Ave., Ste. 200
Anchorage, AK 99503
Phone: (907) 276-3963
Fax: (907) 277-3695
E-mail: pvecera@turnermede.com
Alaska Bar No. 9411111

**Certificate of Service**

I hereby certify that on July 26, 2006, a copy of the foregoing Memorandum in Support of Defendants' Motion for Terminating Sanctions was served on M. Celeste Barras, 160 Ocean Park Drive, Anchorage AK 99515-3401, by regular U.S. mail.

s/Patricia A. Vecera

Turner & Mede, P.C.
ATTORNEYS AT LAW
1500 WEST 33RD AVENUE, SUITE 200
ANCHORAGE, ALASKA 99503-3502
TELEPHONE (907) 276-3963
FACSIMILE (907) 277-3695

Page 7 of 7
Barras v. HealthSouth Medical Clinics of Anchorage, LLC, et al,
Case No. A05-0174-CV (JWS)
Memorandum in Support of Defendants' Motion for Terminating Sanctions